[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action instituted by the plaintiff wife Dana Duglenski against the defendant husband Peter Duglenski seeking a dissolution of their marriage. One of the parties has resided in the State of Connecticut for more than one year prior to the CT Page 6950 bringing of this action and the court has jurisdiction over the marriage and the parties. Neither party has been a recipient of public assistance during the period of the marriage. The parties were married on September 12, 1986. The parties have four children: Leah, born August 8, 1991; and triplets born on August 29, 1995, Brett, Reid and Moira. There are no other proceedings pending in this state or any other concerning the custody of the minor children. The parties' marriage has broken down irretrievably. There is no reasonable hope of reconciliation, and the court orders a dissolution of the marriage.
The court has considered the statutory criteria for the granting of a dissolution of marriage, the awarding of custody, visitation, child support, alimony, and attorney's fees, and the dividing of the parties' assets and liabilities as applicable. The court makes the following findings and orders.
The wife is 36 years old and in good health. She has a high school degree and has completed training in respiratory therapy. During the marriage, she worked in medical assistant and clerical positions. After the triplets were born, she began to work part time. She presently works as a respiratory therapist and earns $480 per week gross and $362 per week net from this employment. After the parties separated in or about February 1999, the wife began to rent part of the marital residence. From this rental income, she earns $116 per week gross and about $77 net. Thus, her total net weekly income is approximately $439. Based on her financial statement, the court estimates that her reasonable weekly, personal expenses range between $1,000 and $1,200, which includes a $237 per week expense for the children's day care and $413 per week for the mortgage and taxes. The wife's testimony established that the mortgage and taxes totaled $1,792 a month or $431 a week, rather than the $519 a week indicated on her financial affidavit. Except for the marital residence and mortgage discussed below, she has minimal assets and no liabilities.
The husband is 40 years old. He is in good health, except that he has a drug addiction as discussed further below. There is no evidence indicating that this addiction has adversely affected his earning capacity, although he has missed days of work because of this problem, particularly when he underwent inpatient treatment. The husband has worked as a firefighter for the past 12 years. According to his financial affidavit, he earns $910 a week gross and $636 net a week from this employment. He also CT Page 6951 works part-time as a referee for basketball games. According to his financial affidavit, he earns, on average, approximately $60 per week gross and $44 per week net from this part time work. Thus, his total net weekly income is about $680 per week. Despite the wife's arguments to the contrary, the court credits the husband's testimony that $60 per week gross is the approximate amount of the husband's part time income. The husband lists personal, weekly expenses of approximately $435 (excluding the pendente lite alimony and support). He has liabilities totaling $26,615 and $2,620 of these liabilities he lists as joint liabilities. According to his financial affidavit, his retirement plan has a value of about $46,990. He also has other, relatively small personal assets as listed on his financial affidavit.
The parties' marital residence on Lilac Court, Cheshire, Connecticut was purchased in 1997 for $194,000. The mortgage on the property has an outstanding balance of about $186,000. The parties disagree about the value of this house, and except for their own testimony, they have not provided the court with any evidence to assist in the resolution of this dispute. The wife claims that the house's value is unchanged from its $194,000 purchase price. The husband claims that the house's value is about $229,000. He testified that in his opinion an estimated value was within a range of $225,000 and $235,000. The court finds that a reasonable range for the value of the house is between $195,000 and $205,000. Thus, the parties' equity in the house is within a range of $9,000 and $19,000.
Although the husband apparently has a different opinion, the evidence clearly established and the court finds that the husband's drug addiction was the primary cause for the breakdown of the parties' marriage. The husband has been suffering from a drug abuse problem since 1988. At various times since 1988, he has sought treatment, including inpatient care, without complete success. During the trial, he testified that in April 1999 he again acquired inpatient care and has been drug free for more than 30 days — his longest, continuous period of sobriety since 1988. His most recent progress is laudable. However, it is unfortunate that he did not achieve this level of success prior to the irretrievable breakdown of the marriage and the institution of divorce proceedings.
The court has considered these findings, the parties' proposed orders and the applicable statutory criteria and issues the following orders. CT Page 6952
 ORDERS
1. Dissolution of marriage. The parties' marriage is hereby dissolved.
2. Custody and Visitation. The parties shall have joint legal custody of the four minor children with primary residence with the plaintiff mother. The father shall have reasonable, liberal and flexible visitation and parenting time with the children. The father shall neither use nor be under the influence of drugs or alcohol during visitation and shall submit to random drug testing as reasonably demanded by the wife. The wife shall pay for any such testing.
3. Child Support. The husband shall pay child support in the amount of $300 per week consistent with the child support guidelines as calculated using the husband's child support guideline worksheet filed May 12, 1999.
Dependency exemptions. The husband shall be entitled to list the children as dependents on his tax returns and the wife shall not be entitled to these exemptions.
4. Health insurance. The husband shall provide health insurance for the children and the parties shall split equally and pay all unreimbursed medical, dental, prescription, psychiatric and similar expenses of the minor children.
Life insurance. The husband shall provide life insurance for the children, naming the wife as trustee, in the amount of $50,000.
5. Periodic alimony. The husband shall pay periodic alimony in the amount of $75 per week for six years. This alimony shall terminate upon the death of either party or the remarriage of the wife. This alimony shall also be subject to termination or modification if the wife lives with another person changing her financial needs or if there is some other substantial change of the circumstances as defined by or provided under Section 46b-86
of the General Statutes. The court has taken into consideration the $116 per week gross income received by the wife from her present renter, and therefore, this fact shall not alone create a reason for modification. CT Page 6953
Lump sum alimony. The court orders the husband to pay additional, lump sum alimony in the amount of $2,500. This lump sum alimony shall be paid at the rate of $250 per month unless sooner paid. The court has considered the applicable statutory criteria regarding this award of lump sum alimony and particularly notes the following additional considerations. On February 5, 1999, the court issued an order concerning a pendente lite motion for contempt. This order required the husband to pay attorney fees of $250. Subsequently, on February 17, 1999, the court issued an order concerning the motion for contempt and a motion to modify. This later order required the husband, among other things, to pay the January 1999 mortgage obligation on the parties' family residence. Although the court in its February 17, 1999 order did not address the payment of the mortgage due for February 1999, the then existing court order of August 24, 1998, required the husband to make this payment. The evidence indicates that the husband failed to pay the $250 attorney fee sanction or the February 1999 mortgage payment. Additionally, the wife seeks to recover $275 wrongfully taken from her by her husband. The wife has also made a claim for attorney fees.
6. Property divisions. The husband shall transfer all of his right, title and interest in the marital home located at 1259 Lilac Court, Cheshire, Connecticut to the plaintiff. The wife shall hold the husband harmless and shall indemnify him regarding all liabilities relating to this property including the taxes and the mortgage. The wife shall make good faith efforts to refinance the mortgage or take other action in order to remove the husband from his obligations under the mortgage and mortgage note. If the husband's liability under the mortgage and mortgage note is not removed within one year from the date of this order, the property shall be placed on the market and shall be sold. The sale shall be done in a commercially reasonable manner. The wife shall retain the net proceeds of the sale.
The husband shall transfer to the wife any interest he has in the 1998 Ford Winstar vehicle. The wife shall own the 1998 Ford Winstar to the exclusion of the husband and she shall pay and hold him harmless regarding all liabilities relating to the vehicle, including the lease on said vehicle. The wife shall relinquish or transfer to the husband any interest she has in the 1991 Ford Taurus. The husband shall own the 1991 Ford Taurus to the exclusion of the wife and he shall pay and hold her harmless regarding all liabilities relating to this vehicle. CT Page 6954
The husband shall transfer to the wife $10,000 of his pension as identified on the husband's financial affidavit. This transfer shall be joint with a right of survivorship and shall be accomplished by way of a Qualified Domestic Relations Order or any other method required by the administrator of the pension plan.
Neither party has made a claim regarding any other item of personal property. Except as otherwise previously provided, the parties shall retain the property as listed on their respective financial affidavits or presently in their possession.
7. Debt divisions. The joint liabilities shown on the husband's financial affidavit shall be divided and paid as follows: the wife shall pay the amount owed to Filene's (listed as being $1003); the husband shall pay the amount owed to Bossee Brothers (listed as being $1,117); and the parties shall split equally and pay the amount owed to Pediatric Associates of Waterbury (listed as being $500). The husband shall assume and pay the other liabilities listed on his financial affidavit. The parties shall indemnify and hold each other harmless regarding the debts they are required to pay respectively and this indemnification and hold harmless obligation shall be non-dischargeable in bankruptcy.
8. Counsel fees, wage withholding, and document exchange. The parties shall pay their own counsel fees. The weekly child support of $300 and alimony of $75 shall be paid through a wage withholding in the manner prescribed by law. Until the children reach majority age, the parties shall exchange copies of their federal tax returns on or before September 1 of each year beginning September 1, 2000.
So ordered this, (May of June 1999.
Stevens, J.